**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-776T
(Filed: December 30, 2014)

**FILED**
DEC 3 0 2014
U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JAMES ALLEN GREGOLINE,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

    This matter comes before the Court on Defendant's motion to dismiss the complaint for lack of subject-matter jurisdiction. Pro se Plaintiff James Allen Gregoline, identifying himself as a "counterclaimant," alleges a variety of claims arising from the Internal Revenue Service's ("IRS") and the State of California's collection of taxes, including liens and levies against his salary. Plaintiff names as Defendants the United States of America, the State of California, Department of the Treasury – Internal Revenue Service, the Franchise Tax Board, the United States Tax Court, the California State Board of Equalization, Melba Acosto-Febo, John Koskinen, Selvi Stanislaus, Stanley J. Goldberg, Bryan E. Sladek, Ms. Steel, Ms. Yee, Mr. Horton, Mr. Runner, Ms. Mandel, Mr. Chiang, and Jess De Legarret.[1]

---

[1]     Plaintiff alleges that Ms. Acosto-Febo is the Secretary of the Department of Treasury for Puerto Rico, Mr. Kosinen, the Commissioner of the Internal Revenue Service ("IRS"), Mr. Stanislaus, the "Principal agent of the Franchise Tax Board," Mr. Goldberg, "a special trial judge of the U.S. Tax Court," Mr. Sladek, Chief Counsel for the IRS, Ms. Steel, Ms. Yee, Mr. Horton, Mr. Runner, Ms. Mandel, and Mr. Chiang, Board members of the California State Board of Equalization, and Mr. De Legarrett, a revenue officer of the IRS. Compl. ¶ 1.

1

Because this Court lacks subject-matter jurisdiction, Defendant's motion to dismiss is **GRANTED**, and Plaintiff's motions to quash and "motion for contempt of affidavit" are **DENIED AS MOOT**.

## Background[2]

The genesis of Plaintiff's complaint is his belief, apparently starting in 2008, that he is a "nontaxpayer at the source of his income" for past calendar years because the income from his employment "is not salaries, wages or compensation for personal services that are to be included in gross income . . . ."[3] Compl. ¶ 9. Plaintiff alleges that he had a "simple agreement with his payer, withholding agent for the Secretary, to withhold from his receipts from labor a consideration to deposit in trust for the United States of America and a promise to refund executed considerations to [Plaintiff] upon filing a claim for refund." Id. ¶ 3. Plaintiff also asserts that "[t]his simple agreement [Plaintiff] has with the United States of America is the origin of the obligation owed to [Plaintiff] who is neither the subject nor the object of the revenue laws." Id. Plaintiff thus disputes amounts withheld from his income as taxes for past years.

Plaintiff alleges that he has filed claims for tax refunds for past years, but that these have been wrongfully denied. Id. ¶ 9. Plaintiff also seeks relief based upon the IRS' and the California Franchise Tax Board's attempts to collect unpaid taxes from him. Plaintiff alleges that the IRS and the California Franchise Tax Board have wrongfully imposed tax liens against him from 2010 through 2013, wrongfully garnished his wages, and that the Board members of the California State Board of Equalization have incorrectly ordered him to pay these taxes in July and October 2012. Id. ¶¶ 13-17. Plaintiff also alleges misconduct by the judge and attorneys during a case that he brought on May 27, 2008, before the United States Tax Court. Id. ¶¶ 10-12. Finally, Plaintiff alleges that on July 16, 2014, and August 12, 2014, Mr. De Legarrett attempted to coerce him to provide financial information that would make him subject to federal income tax. Id. ¶ 18.

Plaintiff alleges a variety of injuries from Defendant's alleged conduct, including "constructive imprisonment at his place of work," a lack of due process, unjust enrichment, a denial of counsel of his choice, a deprivation of liberty, a loss of physical health, defamation, and trespass. Id. at ¶¶ 3,4,6,22,23. Plaintiff requests damages of $25,000 multiplied by the "number of days in constructive imprisonment," $274,684.92 for loss of earnings, a declaratory

---

[2] This case is not Plaintiff's first appearance before the United States Court of Federal Claims. On October 12, 2010, Plaintiff filed a complaint in this Court, which was dismissed on May 11, 2011, for lack of subject-matter jurisdiction. See Gregoline v. United States, 99 Fed. Cl. 161 (2011). That opinion provides background on Plaintiff's ongoing disputes with the IRS and the California Franchise Tax Board.

[3] Plaintiff does not allege a specific claim period for the relief sought. Plaintiff alleges that Defendants have not returned specific amounts for each calendar year for the years 2001 to 2013. Compl. ¶ 19.

judgment that Defendants have acted contrary to law, and asks that Defendants be enjoined from interfering with Plaintiff's right to negotiate and enter into contracts. Id. ¶¶ 37-50.[4]

## Discussion

### Subject-Matter Jurisdiction

Subject-matter jurisdiction must be established before the Court may proceed to the merits. Aerolineas Argentinas v. United States, 77 F.3d 1564, 1572 (Fed. Cir. 1996). If the Court determines that it does not have subject-matter jurisdiction over the claim, the Court must dismiss the action. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). When deciding a motion to dismiss pursuant to Rule 12(b)(1), this Court must assume that all well-pleaded facts in the complaint are true and draw all reasonable inferences in the nonmovant's favor. Pennington Seed, Inc. v. Produce Exchange No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

While a plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence, "complaints drafted by pro se litigants are held to 'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (citation omitted). Nevertheless, a pro se litigant must establish the Court's subject-matter jurisdiction. Tindle v. United States, 56 Fed. Cl. 337, 341 (2003). Moreover, "the court has no duty to create a claim where a pro se plaintiff's complaint is so vague or confusing that one cannot be determined." Fullard v. United States, 78 Fed. Cl. 294, 299 (2007).

The Tucker Act, 28 U.S.C. § 1491, provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). A plaintiff must demonstrate that the source of substantive law he relies upon for his claim mandates compensation by the Federal Government for damages. United States v. Mitchell, 463 U.S. 206, 216-17 (1983).

---

[4]   Plaintiff filed his complaint on August 25, 2014. Defendant filed the instant motion on October 10, 2014. On October 27, 2014, Plaintiff filed an "objection to motion," which does not address any of the arguments raised by Defendant. On October 29, 2014, Plaintiff filed an "amended objection," which similarly does not address Defendant's arguments, asserts that Plaintiff has decreed the rules of this Court to be the Federal Rules of Civil Procedure, and attempts to issue a "writ of error quae coram nobis resident" in the name of the Court. Defendant filed a reply on October 30, 2014.

### Jurisdiction Over Specific Defendants

Plaintiff's claims against the State of California, the Department of the Treasury – Internal Revenue Service, the Franchise Tax Board, the California State Board of Equalization, the U.S. Tax Court, Melba Acosto-Febo, John Koskinen, Selvi Stanislaus, Stanley J. Goldberg, Bryan E. Sladek, Ms. Steel. Ms. Yee, Mr. Horton, Mr. Runner, Ms. Mandel, Mr. Chiang, and Jess De Legarret must be dismissed because this Court lacks jurisdiction over these entities and individuals. The only proper Defendant before this Court is the United States. See, e.g., Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual.").

### Tax Claims

This Court has concurrent jurisdiction with United States District Courts and the Tax Court over the recovery of tax alleged to have been erroneously or illegally assessed or collected under internal-revenue laws. 28 U.S.C. § 1346(a)(1). This Court's jurisdiction under § 1346(a)(1) "requires full payment of the assessment before an income tax refund suit can be maintained." Flora v. United States, 362 U.S. 145, 177 (1960). Thus, a taxpayer must pay the amount the defendant contends is due before filing suit for a refund. Id. Because Plaintiff has not alleged that he paid the taxes that he asks to be refunded, this Court lacks subject-matter jurisdiction.

### Due Process Claims

To the extent that Plaintiff alleges due process claims, they must also be dismissed. It is well established that the Due Process clause of the Fifth Amendment is not money mandating. Golder v. United States, 15 Cl. Ct. 513, 517 (1988); Murray v. United States, 817 F.2d 1580, 1583 (Fed. Cir. 1987). Therefore, this Court does not have jurisdiction over such claims.

### Tort Claims

This Court lacks jurisdiction over claims sounding in tort. Garrett v. United States, 15 Cl. Ct. 204, 208 (1988). Therefore, to the extent that Plaintiff alleges such claims, they are dismissed for lack of subject-matter jurisdiction.

### Injunctive Relief

This Court has limited authority to enter injunctions. E.g., 28 U.S.C. § 1491(b). Plaintiff's general request that the Court enjoin the Government from interfering with his right to enter into contracts is outside the scope of this Court's remedial authority.

### Plaintiff May Be Subject to Sanctions If He Attempts to Raise the Same Claims Again

Defendant requests that the Court issue an order directing the Clerk of Court to refuse any further complaints from Plaintiff, except by leave of Court. Courts have the inherent authority to sanction conduct that is abusive of the judicial process. Chambers v. NASCO, Inc.,

501 U.S. 32, 42 (1991). A plaintiff's pro se status does not preclude a Court from issuing such sanctions. Constant v. United States, 929 F.2d 654, 658 (Fed. Cir. 1991). In Constant, the Federal Circuit noted that the plaintiff had been explicitly warned twice in prior opinions that further attempts to raise issues that had already been litigated could result in sanctions. Id. Although this Court does not now sanction Plaintiff, the Court warns Plaintiff that if he attempts to raise again the same issues that have been finally decided, he could be sanctioned. Id. at 656.

## Conclusion

Defendant's motion to dismiss for lack of subject-matter jurisdiction is **GRANTED**. All other pending motions are **DENIED AS MOOT**. The Clerk of Court is directed to dismiss the Complaint.

*Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Judge**